UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| BENJAMIN SCOTT AVERY, on Behalf of Himself and All Others Similarly Situated,<br><br>        Plaintiff,<br>v.<br><br>BOYD BROS. TRANSPORTATION, INC.<br><br>        Defendant. | CASE NO. 4:13-CV-00579<br><br>UNITED STATES DISTRICT JUDGE<br>BETH PHILLIPS |

**PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF PROPOSED CLASS SETTLEMENT, CERTIFICATION OF A CLASS FOR THE PURPOSES OF SETTLEMENT, AND APPROVAL OF FORM AND MANNER OF NOTICE**

Now comes the Plaintiff, by and through counsel, and hereby move the Court pursuant to Fed. R. Civ. P. 23 for preliminary approval of the class settlement, certification of a class for the purposes of settlement, and approval of form and manner of notice. A memorandum in support is attached hereto and incorporated herein.

        Respectfully Submitted,

        /s/ Matthew A. Dooley
        Matthew A. Dooley*
        Anthony R. Pecora*
        **O'TOOLE, McLAUGHLIN, DOOLEY & PECORA CO. LPA**
        5455 Detroit Road
        Sheffield Village, Ohio 44054
        Telephone: (440) 930-4001
        Facsimile: (440) 394-7208
        Email: mdooley@omdplaw.com
               apecora@omdplaw.com
        *Counsel for Plaintiff*
        *Admitted pro hac vice*

# MEMORANDUM IN SUPPORT[1]

## I. STATEMENT OF FACTS

On June 7, 2011, Plaintiff Benjamin Avery ("Plaintiff" or "Avery") commenced this Civil Action against Boyd Bros. Transportation, Inc. ("Defendant" or "Boyd") on behalf of himself and all other similarly situated individuals (collectively "Class Members") alleging certain violations of the Fair Credit Reporting Act ("FCRA") 15 U.S.C. §§ 1681a-1681x, and filed a First Amended Class Action Complaint on August 19, 2013 ("Civil Action"). Specifically, Avery alleged that in the course of procuring consumer reports for employment purposes, Boyd willfully violated 15 U.S.C. § 1681b(b)(2)(B)(i) by failing to provide Avery and Class Members with the summary of rights under 15 U.S.C. § 1681m(a), including the right to receive verbal, electronic, or written notice of a right to obtain a free copy of a consumer background report from the consumer reporting agency within 60 days, and (2) to dispute the accuracy or completeness of any information in the consumer report directly with the consumer reporting agency. Further, Avery alleged that Boyd violated 15 U.S.C. §§ 1681b(b)(3)(B) by failing to, within 3 business days of taking adverse action, provide oral, written, or electronic notification to Avery and Class Members (i) that adverse action has been taken based in whole or in part on a consumer report received from a consumer reporting agency; (ii) of the name, address and telephone number of the consumer reporting agency that furnished the consumer report; (iii) that the consumer reporting agency did not make the decision to take the adverse action and is unable to provide to the consumer the specific reasons why the adverse action was taken; and (iv) that the consumer may request a free copy of a report and may dispute with the consumer reporting agency the accuracy or completeness

---

[1] All capitalized terms used herein have been previously defined in the Stipulation of Settlement. (ECF # 27)

2

of the report. Boyd denied Avery's allegations and maintains that it did not violate the FCRA or, at most, that any violation was technical in nature and non-willful.

Following the filing of the Civil Action, the Parties engaged in informal written discovery through which Boyd provided Class Counsel with information concerning among other things, the consumers who were the subject of consumer reports during the Class Period. Likewise, Class Counsel provided documents to Boyd, which detailed the factual support for the allegations in the Civil Action. After reviewing the information and assessing their respective liabilities, the Parties participated in a MAP-approved mediation with Richard E. McLeod in Kansas City, Missouri. After all-day, arduous negotiations, the Parties reached an agreement that was ultimately filed with the Court on January 3, 2014 (ECF # 27) *See, e.g., Hemphill v. San Diego Ass'n of Realtors*, 225 F.R.D. 616, 621 (S.D. Cal. 2004) ("As a general principle, 'the courts respect the integrity of counsel and presume the absence of fraud or collusion in negotiating the settlement, unless evidence to the contrary is offered.' *See* [*Newberg on Class Actions* § 11.51 at 158-159 (4th ed. 2002).] Here, the settlement negotiations between Class Counsel and Defendants were closely supervised by the Court-appointed mediator…"); *In re Sturm*, 2012 U.S. Dist. LEXIS 116930 (D. Conn. Aug. 20, 2012) ("Here, the settlement was reached by experienced, fully-informed counsel after arm's length negotiations with the assistance of a mediator and therefore the parties are entitled to a presumption that the settlement was fair, reasonable and adequate."); *Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.,* 396 F.3d 96, 116 (2d Cir. N.Y. 2005)(citing *Manual for Complex Litigation, Third*, § 30.42 (1995) (A "presumption of fairness, adequacy, and reasonableness may attach to a class settlement reached in arm's-length negotiations between experienced, capable counsel after meaningful discovery"); *In re Giant Interactive Grp., Inc. Sec. Litig*., 279 F.R.D. 151, at *4 (S.D.N.Y. 2011) (parties were entitled to a presumption of fairness where mediator

facilitated arms length negotiations); *In re AOL Time Warner, Inc. Sec. Litig.*, No. 02 Civ. 5575, 2006 U.S. Dist. LEXIS 17588, at *6 (S.D.N.Y. Apr. 6, 2006) (noting that involvement of mediator in pre-certification settlement negotiations helped "ensure that the proceedings were free of collusion and undue pressure"); *See also Hainey v. Parrot*, 617 F. Supp. 2d 668, 673 (S.D. Ohio 2007) ("The participation of an independent mediator in the settlement negotiations virtually insures that the negotiations were conducted at arm's length and without collusion between the parties.").

Avery believes that the claims asserted in the Civil Action have merit and that if the case did not settle he would prevail at trial. Boyd, on the other hand, believes that if the case proceeded to trial, that Boyd would prevail. Regardless, it is understood that if the case proceeded to trial and Avery failed to prove that Boyd willfully violated the FCRA, Avery's claims would fail and he and any potential class member would not be entitled to any monetary amount. However, if Avery did prevail at trial, then he and any potential class member would be entitled to statutory damages between $100.00 and $1000.00, plus attorney's fees and other relief under the FCRA. *See* 15 U.S.C. § 1681n(a)(1)(A).

In light of the uncertain outcome and the risk of further litigation, including proceedings involving class certification, the Settling Parties entered into the Stipulation of Settlement and agreed to submit a certified class for purposes of settlement to this Court for approval.

## II.     THE PROPOSED SETTLEMENT

During mediation, the Parties reached a preliminary settlement that provides cash disbursements to Class Members, a *cy pres* trust, Incentive Award to Boyd, and an attorneys' fee within the acceptable range for matters of this type. The salient terms are as follows:

- Boyd agreed to pay a total of One Million Forty-Six Thousand Dollars ($1,046,000.00) (the "Settlement Funds"), from which the

4

following Class Members are entitled to receive an equal pro rata share after payment of costs of notice and administration, Incentive Awards and attorneys' fees:

All natural persons residing in the United States who applied for employment with Boyd during the Class Period via facsimile, telephone, electronic mail, online, by regular mail, or other similar means and during the application process, and about whom Boyd procured a Consumer Report and/or relied upon or used a Consumer Report in connection with the Class Members' application for employment with Boyd.

- Each Class Member shall receive a net pro rata sum not exceed Two Hundred Forty Dollars ($240.00).

- Boyd shall not oppose Class Counsel's petition for attorney's fees for an amount not to exceed thirty percent (30%) of the Settlement Funds.

- Avery shall apply to the Court for an Incentive Award not to exceed seven thousand five hundred dollars ($7,500.00), which Boyd shall not oppose.

- The cost of notice and administration of the settlement shall be paid from the Settlement Funds.

## III. CLASS CERTIFICATION

Federal Rule of Civil Procedure 23(a) requires that in order for a class action to proceed it must be demonstrated that:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and, (4) The representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23. This rule authorizes certification if the four prerequisites of Rule 23(a) are met, the Court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other

5

available methods for the fair and efficient adjudication of the controversy. Fed R. Civ. P. 23(b)(3); *Eisen v. Carlisle Jacquelin*, 417 U.S. 156 (1974).

In determining whether class certification is appropriate, the Court must conduct a preliminary inquiry, looking only so far as to determine whether, given the factual setting of the case, if the plaintiffs['] general allegations are true, common evidence could suffice to make out a prima facie case for the class." *See Barrett v. Claycomb*, 2011 U.S. Dist. LEXIS 131450 (W.D. Mo. Nov. 15, 2011)(citing *Blades v. Monsanto Co.*, 400 F.3d 562, 566-567 (8th Cir. 2005)). In considering class certification motions, the Court liberally construes Rule 23(a) and does not resolve the merits of the dispute. *Id.* The ultimate merits of Avery's case, however, are immaterial for purposes of certifying the proposed class for settlement purposes provided the settlement is fair, adequate, and reasonable. Fed. R. Civ. P. 23(e)(2); *See, e.g.*, *Olden v. Gardner*, 294 Fed.Appx. 210, 217 (6th Cir. 2008). The Court should resolve any doubt regarding the propriety of certification in favor of allowing certification. *See Eisenberg v. Gagnon*, 766 F.2d 770, 785 (3d Cir. 1985), *cert. denied*, 474 U.S. 946 (1985); *Esplin v. Hirschi*, 402 F.2d 94, 101 (10th Cir. 1968), *cert. denied*, 394 U.S. 928 (1968); *In re Data Corp. Sec. Litig.*, 116 F.R.D. 216 (D. Minn. 1986); *In re Folding Cartons Antitrust Litig.*, 75 F.R.D. 727 (N.D. Ill. 1977); *See also Lozada v. Dale Baker Oldsmobile, Inc.*, 197 F.R.D. 321, 327 (W.D. Mich. 2000).

This policy of resolving doubts in favor of class certification furthers the salutary purpose of compensating victims of widespread wrong. *See generally*, *Esplin*, *supra*. Further, "[t]he procedural device of a Rule 23(b)(3) class action was designed not solely as a means for assuring legal assistance in the vindication of small claims but, rather, to achieve the economies of time, effort, and expense." *Sterling v Velsicol Chem. Corp.*, 855 F.2d 1188, 1196 (6th Cir. 1988). "Rule 23 must be liberally interpreted" and read to "favor maintenance of class actions." *King v. Kansas*

6

*City Southern Indus.*, 519 F.2d 20, 25-26 (7th Cir. 1975); *See Wallace B. Roderick Revocable Living Trust v. XTO Energy, Inc.*, 725 F.3d 1213, 1218 (10th Cir. Kan. 2013).

District courts must conduct a "rigorous analysis" into whether the prerequisites of Rule 23 are met before certifying a class. *Gen. Tel. Co. v. Falcon,* 457 U.S. 147, 161, 102 S.Ct. 2364, 2372 (1982). While the court must conduct a rigorous analysis as to whether the standards of Rule 23 are met, the elements of typicality, commonality, and adequacy of representation tend to merge. *See, e.g., Dukes,* 131 S.Ct. at 2551*; See also In re Whirlpool,* 678 F.3d at 418*; Ramsey v. Sprint Communs. Co., L.P.,* 2012 U.S. Dist. LEXIS 34746, 7-8 (D. Neb. Feb. 27, 2012). Furthermore, "[s]ometimes the issues are plain enough from the pleadings to determine whether the interests of the absent parties are fairly encompassed within the named plaintiff's claim, and sometimes it may be necessary for the court to probe behind the pleadings before coming to rest on the certification question." *Falcon*, 457 U.S. at 160.

At the same time, courts should "give Rule 23 a liberal rather than a restrictive construction, adopting a standard of flexibility in application [that] will in the particular case best serve the ends of justice for affected parties and promote judicial efficiency." *In re A.H. Robins Co., Inc.*, 880 F.2d 709, 740 (4th Cir. 1989), cert denied sub nom; *See Anderson v. Aetna Cas. & Sur. Co.*, 493 U.S. 959, 110 S.Ct. 377, 107 L.Ed.2d 362 (1989); *See also Morris v. Wachovia Sec., Inc.,* 223 F.R.D. 284, 291 (E.D. Va. 2004); *Jeffreys v. Commc'ns Workers*, 212 F.R.D. 320, 322 (E.D. Va. 2003).

### A. Numerosity

Rule 23(a)(1) of the Federal Rules of Civil Procedure requires that the class be "so numerous that joinder of all members is impracticable." *Bennett v. Nucor Corp.,* 656 F.3d 802, 814 (8th Cir. 2011). However, "impracticable does not mean impossible," but rather that joining

7

all class members would be difficult. *Harris v. D. Scott Carruthers & Assoc.,* 270 F.R.D. 446, 450 (D. Neb. 2010) "When the class is large, numbers alone are dispositive . . . ." *Riordan v. Smith Barney*, 113 F.R.D. 60, 62 (N.D. Ill. 1986). There is no set minimum number of potential class members that fulfills the numerosity requirement. *See, e.g.*, *Holsey v. Armour & Co.*, 743 F.2d 199, 217 (4th Cir. 1984); *Miller v. Univ. of Cincinnati*, 241 F.R.D. 285, 288 (S.D. Ohio 2006); *Dameron v. Sinai Hosp. of Baltimore, Inc.*, 595 F. Supp. 1404, 1407-08 (D. Md. 1984) (stating that "[a] class consisting of as few as 25 to 30 members raises the presumption that joinder would be impractical"). The fact that the precise number of Class Members cannot be determined at the certification stage does not preclude class certification, as the court may rely on reasonable estimates of the number of class members. *See Haywood v. Barnes*, 109 F.R.D. 568, 576 (E.D.N.C. 1986). However, where the class numbers 25 persons or more, joinder is usually impracticable. *See Cypress v. Newport News Gen. & Nonsectarian Hosp. Ass'n*, 375 F.2d 648, 653 (4th Cir. 1967) (18 class members sufficient).

At this time, the Parties estimate that the Settlement Class consists of at least 17,500 persons about whom Boyd procured a Consumer Report and/or relied upon or used a Consumer Report in the course of evaluating Class Members for employment between June 7, 2008, and November 20, 2013. The sheer size of this class is sufficiently large to determine that numerosity has been satisfied and joinder of these Class Members' claims is not possible. As such, the first prong of the certification test has been met with regard to the class to be represented under the FCRA.

### B. Common Questions of Law or Fact

Rule 23(a)(2) of the Federal Rules of Civil Procedure requires that there be a common question of law or fact. However, commonality does not require every question of law or fact to

be the same among every potential class member. *Harris v. D. Scott Carruthers & Assoc.,* 270 F.R.D. 446, 451 (D. Neb. 2010) (internal citations omitted). Rather, commonality can be shown "where the question of law [or fact] linking the class members is substantially related to the resolution of the litigation even though the individuals are not identically situated." *Id. (*quoting *Paxton v. Union Nat'l Bank*, 688 F.2d 552, 561 (8th Cir. 1982)). Commonality is characterized as a "very light burden" that the plaintiff can typically "easily satisfy." *Harris,* 270 F.R.D. at 451 (quoting *Evans v. Am. Credit Sys.,* 222 F.R.D. 388, 393 (D. Neb. 2004)). Not all factual or legal questions raised in the litigation need be common so long as at least one issue is common to all class members. *See McGlothlin v. Connors*, 142 F.R.D. 626 (W.D. Va. 1992). The commonality requirement requires that the class present dispositive questions, which will propel the case through the system. *See Lienhart v. Dryvit Sys., Inc.*, 255 F.3d 138, 146 (4th Cir. 2001); *Stott v. Haworth*, 916 F.2d 134, 145 (4th Cir. 1990). The typicality and commonality requirements ensure that only those plaintiffs who can advance the same factual and legal arguments will be grouped together as a class. *See, e.g., Broussard v. Meineke Discount Muffler Shops, Inc.*, 155 F.3d 331, 340 (4th Cir. 1998).

The class to be represented consists of those individuals about whom Boyd procured a Consumer Report and/or relied upon or used a Consumer Report in the course of evaluating Class Members for employment between June 7, 2008, and November 20, 2013. Each of the Class Members was entitled to oral, written or electronic notice under 15 U.S.C. § 1681b(b)(2)(B) and/or 15 U.S.C. § 1681b(3)(B). The Class Members share predominant questions of law under the above-described common facts, which predominate over all individual issues and clearly propel this litigation forward to a resolution. As such, the commonality prong of Rule 23 is satisfied.

    **C.    Typical Claims**

9

Rule 23(a)(3) of the Federal Rules of Civil Procedure requires that the claims of the named plaintiff be typical of the claims of the class. It has been noted that "the premise of the typicality requirement is simply stated: as goes the claim of the named plaintiff, so go the claims of the class." *Sprague v. General Motors Corp.*, 133 F.3d 388, 399 (6th Cir. 1998); *See also Harris v. D. Scott Carruthers & Assoc.*, 270 F.R.D. 446, 451-452 (D. Neb. 2010) (citing *DeBoer v. Mellon Mortgage Co.*, 64 F.3d 1171 (8th Cir. 1995)). Proving typicality is also "fairly easily met" and "factual variations in the individual claims will not normally preclude class certification if the claim arises from the same event or course of conduct as the class claims, and gives rise to the same legal or remedial theory." *Harris,* 270 F.R.D. at 452 (quoting *Alpern v. Utilicorp United, Inc.*, 84 F.3d 1525, 1540 (8th Cir. 1996)). The typicality requirement, so explained, tends to merge with the commonality requirement. *See e.g.*, *Falcon*, 457 U.S. at 158. Nonetheless, the typicality requirement remains its own separate inquiry, *Broussard*, *supra*, and a class representative must be part of the class and possess the same interest and suffer the same injury as the class members." *See Lienhart*, 255 F.3d at 146.

Here, Avery's claims are coextensive with those of the Class Members; his claims are *identical* to those of the Class Members and his interests are squarely aligned with them. In particular, Avery's claims arise out of the exact same practice which guided Boyd's actions in the course of obtaining and using consumer reports to make employment decisions during the Class Period. Like Avery, no job applicant, during the Class Period, received the mandatory statutory notices under 15 U.S.C. § 1681b(b)(2)(B) and/or 15 U.S.C. § 1681b(3)(B). As such, Avery's claims are *typical* of the common claims held by the class, and Rule 23's commonality requirement has been met as to the Class to be certified.

**D.      Adequate Representation**

10

The final component of Rule 23(a) requires that the "representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). This requirement encompasses two distinct factors: "(a) the plaintiff's attorney must be qualified, experienced, and generally able to conduct the proposed litigation, and (b) the plaintiff must not have interests antagonistic to those of the class." *Halbach v. Great-West Life & Annuity Ins. Co.*, 2007 U.S. Dist. LEXIS 24252 (E.D. Mo. Apr. 2, 2007) (citing *U.S. Fidelity & Guaranty Co. v. Lord*, 585 F.2d 860, 873 (8th Cir. 1978)); *See also Paxton*, 688 F.2d at 562-63 ("The focus of Rule 23(a)(4) is whether: (1) the class representatives have common interests with the members of the class, and (2) whether the class representatives will vigorously prosecute the interests of the class through qualified counsel.")(quoting *Gonzales v. Cassidy,* 474 F.2d 67, 72 (5th Cir. Tex. 1973)). A class representative must be part of the class and possess the same interest and suffer the same injury as the class members. *Epast Texas Motor Freight Sys. Inc. v. Rodriguez*, 431 U.S. 395, 403 (U.S. 1977).

The underlying premise of a class action is that litigation by representative parties adjudicates the rights of all class members, and therefore, basic due process requires that named plaintiffs possess undivided loyalties to absent class members. *Broussard,* 155 F.3d at 338 (citing *In re General Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 785, 796 (3d Cir. 1995)). Representation will be considered "adequate" if the class representative is not disqualified by reason of interests antagonistic to the rest of the class. *See Ostrof v. State Farm Mut. Auto. Ins. Co.*, 200 F.R.D. 521, 530 (D. Md. 2001). In a complex lawsuit, the representative need not have extensive knowledge of the facts of the case in order to be an adequate representative. *See, e.g., Gunnells v. Healthplan Servs., Inc.,* 348 F.3d 417, 430 (4th Cir. 2003).

11

Avery understands and accepts his responsibilities as class representative and has no interests which are adverse to the Class Members. Further, Avery and the Class Members seek statutory damages as the result of Boyd's alleged violations of the FCRA through its procurement and use of consumer reports for employment purposes. Given the identical nature of the claims between Avery and the other Class Members, there is no potential for conflicting interests in this action; there is no disagreement between Avery's interests and those of the Class Members.

At the same time, Avery's counsel are experienced in FCRA class action litigation, having prosecuted the same in Federal District Courts throughout the United States and are competent to represent the interests of the class and have no apparent conflict. Accordingly, the class to be represented meets the adequacy prong of Rule 23.

### E. Rule 23(b)(3) Factors

#### 1. Predominance

Rule 23(b)(3) of the Federal Rules of Civil Procedure requires that the questions of law or fact common to all members of the class predominate over questions pertaining to individual members. *In re Cox Enters.*, 2014 U.S. Dist. LEXIS 2459, 23-24 (W.D. Okla. Jan. 9, 2014). The predominance requirement tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation. *See Rikard v. U.S. Auto Prot*., LLC, 287 F.R.D. 486, 492 (E.D. Mo. 2012) (citing *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 623-24 (U.S. 1997)); *See also Lienhart*, 255 F.3d at 142. This criterion is normally satisfied when there is an essential common factual link between all class members and the defendants for which the law provides a remedy. *See Talbott v. GC Servs., Ltd. Pshp.,* 191 F.R.D. 99, 105 (W.D. Va. 2000). "Predominance is a test readily met in certain cases alleging consumer . . . fraud." *Amchem Prods.*, 521 U.S. at 117.

In this case, the "common nucleus of operative fact" is that all Class Members, by definition, were allegedly not provided statutory notices under 15 U.S.C. § 1681b(b)(2)(B) and 15 U.S.C. § 1681b(b)(3)(B) before obtaining a consumer report and/or after taking adverse action based in whole or in part upon the consumer report. In this case, with statutory damages arising under identical circumstances for each Class Member, there are almost no individual issues which arise. Rather, the issues which predominate relate exclusively to whether: (1) Boyd's conduct was uniform as to the Class Members, and (2) the relative culpability of Boyd's conduct. Indeed, the certification of this class requires no individualized inquiry into damages. These class-wide issues will predominate and propel this litigation, and as such, the Class meets the predominance standard set forth in Rule 23(b)(3).

### 2. Superiority

Finally, the Court must determine whether a class action is superior to other methods for the fair and efficient adjudication of the controversy under Fed. R. Civ. P. 23(b)(3). *See Rikard v. U.S. Auto Prot.*, LLC, 287 F.R.D. 486, 492 (E.D. Mo. 2012). Rule 23 (b) offers a non-exclusive list of factors to consider when making a superiority determination, including: (a) the class members' interests in individually controlling the prosecution or defense of separate actions; (b) the extent and nature of any litigation concerning the controversy already begun by or against class members; (d) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the likely difficulties in managing a class action. *Id.* at 492-493.

Efficiency is the primary focus in determining whether the class action is the superior method for resolving the controversy presented. *See Talbott*, 191 F.R.D. at 106. In examining these factors, it is proper for a court to consider the "inability of the poor or uninformed to enforce their rights, and the improbability that large numbers of class members would possess the initiative

13

to litigate individually." *Triad v. Logan Furniture Mart, Inc.*, 503 F.2d 1161, 1164 (7th Cir. 1974). "In determining superiority, courts also consider the anticipated amount of recovery for each plaintiff. Class actions are particularly appropriate where multiple lawsuits would not be justified because of the small amount of money sought by the individual plaintiffs." Fed. R. Civ. P. 23 *Advisory Committee Note* to 1966 Amendment. Thus, the class mechanism permits a large group of claimants to have their claims adjudicated in a single lawsuit. In so doing, certification enables the court to manage a large number of small and medium sized claims where the awesome costs of discovery and trial could easily prevent any adjudication of those claims and preclude any relief to the class. *See Lozada v Dale Baker Oldsmobile Inc.*, 197 F.R.D. 321, 332-33 (W.D. Mich. 2000).

Avery seeks only statutory damages per violation of no less than $100.00 and no more than $1,000.00. In sum, the amount in controversy for any individual claimant in this class is small, and when compared to the costs of discovery and litigation, this potential recovery pales in comparison. As such, none of the individual Class Members possess any controlling interest in the litigation. Likewise, the absence of any competing classes or other individual claims suggests that without class certification, it is unlikely that the Class Members would obtain any form of relief. *See Mace v. Van Ru Credit Corp.*, 109 F.3d 338, 345 (7th Cir. 1997). In short, unless the Court certifies this class, it is highly probable that the Class Members will receive no relief of any kind.

Because the Court is confronted with a request for settlement-only certification, it "need not inquire whether the case, if tried, would present intractable management problems." *Amchem Prods.*, 521 U.S. at 620. The names and current addresses of Class Members are obtainable from HireRight Solutions, Inc., the consumer reporting agency that provided consumer reports to Boyd.

Accordingly, settlement is proper so long as the Court finds that the settlement overall is fair, reasonable, and adequate to Class Members. Fed. R. Civ. P. 23(e); *See, e.g.*, *Olden v. Gardner*, 294 Fed.Appx. 210, 217 (6th Cir. 2008).

## IV. PRELIMINARY APPROVAL

After determining that the proposed class should be certified, the Court must determine whether the proposed settlement is fair, reasonable and adequate. In reviewing a proposed settlement, the Court must determine whether the proposed settlement was the product of legitimate, good faith negotiation, such that notification of the class is justified:

> "Pursuant to Federal Rule of Civil Procedure 23(e), class action settlements must be approved by the court before they become effective. In order to receive court approval, the parties to a settlement must demonstrate at a hearing-generally termed a 'fairness hearing'-that the proposed agreement is 'fair, reasonable, and adequate.' Fed. R. Civ. P. 23(e)(2). As a practical matter, evaluation of a settlement usually proceeds in two stages; before scheduling the fairness hearing, the court makes preliminary determinations with respect to the fairness of the settlement terms, approves the means to notice to class members, and sets the date for that final hearing. *See Manual for Complex Litigation* (Fourth) § 21.632 (2004); *See also Liles v. Del Campo,* 350 F.3d 742, 745 (8th Cir. 2003). In the "preliminary approval" stage, the "fair, reasonable, and adequate" standard is lowered, with emphasis only on whether the settlement is within the range of possible approval due to an absence of any glaring substantive or procedural deficiencies. *See, e.g., White v. Nat'l Football League,* 836 F.Supp 1458, 1466 (D. Minn. 1993); *Schwartz v. Dallas Cowboys Football Club, Ltd.,* 157 F.Supp 2d. 561, 570 (E.D. Pa. 2001). In making this preliminary determination, courts should consider issues such as whether the settlement carries the hallmarks of collusive negotiation or uninformed decision-making, is unduly favorable to class representatives or certain class members, or excessively compensates attorneys. *See In re Telectronics Pacing Sys., Inc.,* 137 F. Supp.2d 985, 1015-16 (S.D. Ohio 2001); *Alberto v. GMRI, Inc.,* 252 F.R.D. 652, 666 (E.D. Cal. 2008). The settling parties' views as to the propriety of the settlement are also entitled to some weight. *DeBoer v. Mellon Mortgage Co.,* 64 F.3d 1171, 1178 (8th Cir. 1995). These important considerations notwithstanding, a proposed settlement is presumptively reasonable at the preliminary approval

15

> state, and there is an accordingly heavy burden of demonstrating otherwise. *See Brotherton v. Cleveland,* 141 F.Supp 2d 894, 904 (S.D. Ohio 2001)."

*Schoenbaum v. E.I. Dupont De Nemours & Co.,* 2009 U.S. Dist. LEXIS 114080, 12-13 (E.D. Mo. Dec. 8, 2009). The preliminary approval process should not constitute a trial of the case on the merits, rather only and determination that the settlement is not the result of overreaching or collusion:

> "We have recognized that a class action settlement is a private contract negotiated between the parties. *Christina A. ex rel. Jennifer A. v. Bloomberg,* 315 F.3d 990, 992 (8th Cir. 2003). Rule 23(e) requires that the court to intrude on that private consensual agreement merely to ensure that the agreement is not the product of fraud or collusion and that, taken as a whole, it is fair, adequate and reasonable to all concerned…" *Id.*

*In re Wireless Tel. Fed. Cost Recovery Fees Litig.,* 393 F.3d 922, 934 (8th Cir. Mo. 2005). Thus, so long as the settlement appears to be a resolution of a dispute through a legitimate adversarial process, and the result appears fair and reasonable on its face, the Court should grant preliminary approval and order notice to the class. *See Romstadt v. Apple Comp., Inc.*, 948 F. Supp. 701 (N.D. Ohio 1996).

Here, the proposed settlement was the result of months of litigation culminating with an all-day mediation with Richard E. McLeod. More importantly, the proposed settlement is fair and reasonable as each Class Member who submits a claim form will likely receive an amount above the minimum statutory damages range provided by 15 U.S.C. § 1681n. The recovery for all Class Members is fair given the risks that the class would not be certified. At the same time, a thirty-percent (30%) fee for Class Counsel falls well within the range of acceptable fee awards as acknowledged by prevailing case law. The Settling Parties therefore request that the Court grant

preliminary approval of the proposed settlement and direct Counsel to implement its provision such that the matter may be scheduled for a fairness hearing before the Court.

## V. CONCLUSION

WHEREFORE, Plaintiff requests the Court preliminary certify for settlement purposes, the following class together with the manner and form of notice provided for by the Stipulation (ECF # 27):

> all natural persons residing in the United States who applied for employment with Boyd during the Class Period via facsimile, telephone, electronic mail, online, by regular mail, or other similar means and during the application process, and about whom Boyd procured a Consumer Report and/or relied upon or used a Consumer Report in connection with the Class Members' application for employment with Boyd.

Respectfully Submitted,

/s/ Matthew A. Dooley
Matthew A. Dooley*
Anthony R. Pecora*
**O'TOOLE, McLAUGHLIN, DOOLEY & PECORA CO., LPA**
5455 Detroit Road
Sheffield Village, Ohio 44054
Telephone: (440) 930-4001
Facsimile: (440) 394-7208
Email: mdooley@omdplaw.com
apecora@omdplaw.com
*Counsel for Plaintiff*
*Admitted pro hac vice

## **CERTIFICATE OF SERVICE**

This is to certify that the foregoing was filed electronically on this 21st day of January, 2014 in accordance with the Court's Electronic Filing Guidelines. Notice of this filing will be sent to all parties by operation of the Court's Electronic Filing System. Parties may access this filing through the Court's Filing System.

/s/ Matthew A. Dooley  
Matthew A. Dooley  
*Counsel for Plaintiff*

G:\27\27508\Motions\Motion for Preliminary Approval (Final).docx