# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

BENJAMIN SCOTT AVERY, )
)
    Plaintiff, )
)
v. ) Case No. 13-579-CV-W-BP
)
BOYD BROS. TRANSPORTATION, INC., )
)
    Defendant. )

## ORDER

This matter comes before the Court on the parties' Stipulation of Settlement, (Doc. 27),[1] and Plaintiff's Unopposed Motion for Preliminary Approval of Class Settlement, Certification of a Class for the Purposes of Settlement, and Approval of Form and Manner of Notice, (Doc. 28). The Court has reviewed the parties Stipulation and Plaintiff's Motion. Plaintiff's Motion is hereby **GRANTED** and the Court **ORDERS** the following:

1. Pursuant to Federal Rule of Civil Procedure 23, and for settlement purposes only, the Court hereby certifies this Civil Action as a class action on behalf of the following Class:

   > All natural persons residing in the United States who applied for employment with Boyd Bros. during the Class Period via facsimile, telephone, electronic mail, by regular mail, or other similar means and during the application process, and about whom Boyd Bros. procured a Consumer Report and/or relied upon or used a Consumer Report in connection with the Class Members' application for employment with Boyd Bros.

---

[1] All defined terms contained herein shall have the same meanings as set forth in the Stipulation of Settlement.

If the settlement is not finally approved, Boyd Bros's stipulation to the certification of the class shall be null and void ab initio, and may not be used or relied upon by the Plaintiff for any purpose.

2. With respect to the Class, the Court preliminarily finds the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been met; in that: (a) the Class is so numerous that joinder of all individual Class Members in the Civil Action is impracticable; (b) there are questions of law and fact common to the Class and those common questions of law and fact predominate over any individual questions; (c) the claims of the class representative are typical of the claims of the Class; (d) the class representative and Class Counsel will fairly and adequately represent the interests of the Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby appoints the Named Plaintiff, Benjamin Avery, as the class representative of the Class.

4. Having considered the factors set forth in Rule 23(g) of the Federal Rules of Civil Procedure, the Court hereby appoints Matthew A. Dooley and Anthony R. Pecora as Class Counsel to represent the Class.

5. The Court hereby preliminarily approves the Stipulation and terms and conditions set forth therein, subject to further consideration at the Settlement Hearing described below.

6. The Court has conducted a preliminary assessment of the fairness, reasonableness, and adequacy of the Stipulation, and hereby finds that the settlement falls within the

range of reasonableness meriting possible final approval. The Court therefore preliminarily approves the proposed settlement as set forth in the Stipulation.

7. Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the Court will hold a final approval hearing (the "Settlement Hearing") on **Friday, September 5, 2014 at 2:00 p.m. in the Courtroom 7A, United States District Court for the Western District of Missouri, 400 East 9th Street, Kansas City, Missouri 64106** for the following purposes:

   a. final determination as to whether the Class meets all applicable requirements of Federal Rule of Civil Procedure 23 and, thus, the Class claims should be certified for purposes of effectuating the settlement;

   b. determination of whether the proposed settlement of the Civil Action on the terms and conditions provided for in the Agreement is fair, reasonable, and adequate and should be approved by the Court;

   c. consideration of the application of Class Counsel for an award of attorney fees and reimbursement of expenses, as provided for under the Stipulation;

   d. consideration of the application of Named Plaintiff for an Incentive Award, as provided for under the Stipulation;

   e. consideration of whether the Court should enter the Judgment, Final Order, and Decree;

   f. consideration of whether the release by the Settlement Class Members of the Released Claim as set forth in the Stipulation should be provided; and

   g. ruling upon such other matters as the Court may deem just and appropriate.

8. The Court may adjourn the Settlement Hearing and later reconvene such hearing without further notice to the Settlement Class Members.

9. The Parties may further modify the Stipulation prior to the Settlement Hearing, so long as such modifications do not materially change the terms of the settlement provided thereunder. The Court may approve the Stipulation with such modifications as may be agreed to by the Parties, if appropriate, without further notice to the Class Members.

10. Class Members must file and serve any objections to the proposed settlement no later than **thirty (30) days** prior to the Settlement Hearing, including any memorandum and/or submissions in support of said objection, which deadline will be set forth in the Class Notice.

11. All papers in support of the Settlement and any application for an award of attorney fees, actual out-of-pocket expenses and/or class representative incentive awards must be filed with the Court and served at least **seven (7) days** prior to the Settlement Hearing.

12. The Court approves, as to form and content, the proposed Notices and Claim Forms of Class Action Settlement, which are attached as Exhibit A to the Stipulation.

13. Within **sixty (60) days** of this Order, Class Counsel shall provide to each Class member the Class Notice and Claim Form.

14. The Court finds that the proposed distribution of the Class Notices as set forth in the Stipulation substantially meets the requirements of Federal Rule of Civil Procedure 23 and due process, is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons entitled thereto.

15. The Court approves the designation of Class Counsel to administer the settlement through a third-party administrator. Class Counsel shall cause the dissemination of the Class Notices and Claim Forms and supervise and carry out the notice procedure, the processing of claims, and other administrative functions, and shall respond to Class Member inquiries, as set forth in the Stipulation and this Order under the direction and supervision of the Court.

16. All costs of administering the settlement shall by paid from the Settlement Fund, as set forth in the Stipulation.

17. As provided in the Class Notice, each Class Member shall have the right to exclude himself or herself form the settlement class by mailing a request for exclusion to Class Administrator postmarked no later than **thirty (30) days** after mailing of the Class Notice. Requests for exclusion must set forth the class member's name and address. At least **ten (10) days** prior to the final approval hearing, Class Counsel shall file with the Court a list of all persons who have timely requested exclusion from the Settlement Class.

18. As provided in the Class Notice, each class member who does not timely opt out of the class shall have the right to object to the settlement or to the request by Class Counsel for an award of attorneys' fees and expenses by filing written objections with the Court not later than 30 days after distribution of the Class Notice, and copies of the objections shall be served on Class Counsel. Failure to timely file and serve written objections will preclude a class member from objecting at the fairness hearing. At least **ten (10) days** prior to the final approval hearing, Class Counsel shall file with the Court a copy of all objections to the settlement.

19. All briefs, memoranda, petitions, and affidavits to be filed in support of final approval of the settlement and for an award of attorney fees and expenses by counsel for the class shall be filed not later than **seven (7) days** before the fairness hearing.

20. The Court retains exclusive jurisdiction over this action to consider all further matters arising out of or connected with the Settlement Agreement.

**IT IS SO ORDERED.**

/s/ Beth Phillips
BETH PHILLIPS, JUDGE
UNITED STATES DISTRICT COURT

DATE: April 18, 2014