IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| BENJAMIN SCOTT AVERY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 13-579-CV-W-BP |
| v. ) | |
| ) | |
| BOYD BROS. TRANSPORTATION, INC., ) | |
| ) | |
| Defendant. ) | |

**AFFIDAVIT OF DAN LEGIERSKI WITH RESPECT TO NOTICE AND SETTLEMENT ADMINISTRATION ACTIVITIES COMPLETED AS OF AUGUST 28, 2014**

I, Dan Legierski, being duly sworn and deposed, say:

1. I am a Principal at Dahl Administration, LLC ("Dahl"), a nationally recognized firm that has provided notice and claims administration services for more than 200 class actions involving product liability, insurance, fraud, property, employment and discrimination. I have experience in all areas of settlement administration including notification, claims processing and distribution.

2. I am responsible for supervising services provided by Dahl with respect to this action. I am over 21 years of age and am not a party to this action. I have personal knowledge of the facts stated herein and, if called as a witness, could and would testify competently thereto.

3. I submit this affidavit to update the parties and the Court with respect to notice and processing activities completed by Dahl, in accordance with the *Stipulation of Settlement* ("Settlement Agreement"), which was preliminarily approved by the Court on April 28, 2014. This affidavit describes *(a)* mailing of the *Notice* and *Claim Form* ("Notice Packet"); *(b)* receipt

1

and re-mailing of undeliverable Notice Packets to forwarding addresses; *(c)* receipt and processing of requests for exclusion from the settlement; *(d)* receipt and processing of objections to the settlement; and *(e)* claim filing results.

## NOTICE MAILING

4. Dahl received a data file containing 18,391 records of all individuals who applied for employment with Boyd Bros. and were the subject of a Consumer Report obtained by Boyd Bros for employment purposes from June 7, 2008 and November 20, 2013. Dahl identified and removed 1,604 records as the name and social security did not match and 122 were removed due to incomplete addresses. The final Class Mailing List contained 16,665 records.

5. In order to obtain the most current mailing address for Class Members, Dahl processed the Class Mailing List records through the National Change of Address database maintained by the United States Postal Service ("USPS"). This process produced updated addresses for Class Members who have moved within the last four years and have filed a change of address card with the USPS.

6. Dahl worked with counsel to format the Notice Packet into a format suitable for mailing. A copy of the Notice Packet is attached as Exhibit A.

7. Dahl mailed Notice Packets via USPS First Class mail to 16,665 Class Members on June 17, 2014.

## UNDELIVERABLE MAIL PROCESSING

8. As of August 28, 2014, the USPS has returned 2,454 Notice Packets as undeliverable from the initial mailing without forwarding addresses. These address records were sent to a professional address location service for address tracing. After tracing, 633 updated addresses were received and Notice Packets were re-mailed to the new addresses; 1,821 Notice

2

EXHIBIT A

Packets could not be re-mailed because no new address was found. Of the 633 Notice Packets re-mailed to traced addresses, 165 were subsequently returned as undeliverable from the traced address and were not re-mailed a second time.

9. Fifty-five Notice Packets were returned as undeliverable from the initial mailing with a forwarding address. Of these, 54 Notice Packets were re-mailed to the forwarding address and one (1) was not re-mailed as it was received after the claim filing deadline.

## REQUESTS FOR EXCLUSION

10. As of August 28, 2014, Dahl has received three (3) requests for exclusions.

## OBJECTIONS TO THE SETTLEMENT

11. As of August 28, 2014, Dahl has received no objections to the settlement.

## CLAIM FILING

12. Dahl received and reviewed Claim Forms submitted by Class Members. As of August 28, 2014, 2,570 claims have been filed; representing an overall filing rate of 15.42%. Of these, 2,553 Claim Forms are complete and valid, 15 Claim Forms were received after the filing deadline and are invalid, and two (2) Claim Forms were filed without a signature. A deficiency letter has been sent to these Class Members.

I declare under penalty of perjury, that the foregoing is true and correct to the best of my knowledge. Executed this 29 of August, 2014 in Minneapolis, Minnesota.

                                     Dan Legierski
                                     Principal
                                     Dahl Administration, LLC

Sworn to and Subscribed before me this 29 day of August, 2014.

Notary Public

PETER MICHAEL NAGELL
NOTARY PUBLIC - MINNESOTA
My Commission Expires
January 31, 2019

4

Case 4:13-cv-00579-BP   Document 38-1   Filed 08/29/14   Page 4 of 15   EXHIBIT A

# Exhibit A

EXHIBIT A

# UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI

## IF YOU APPLIED FOR EMPLOYMENT WITH BOYD BROS. TRANSPORTATION, INC. ("BOYD BROS") BETWEEN JUNE 7, 2008, THROUGH NOVEMBER 20, 2013, YOU COULD GET A CASH PAYMENT FROM A CLASS ACTION SETTLEMENT.

### A federal court authorized this notice. This is not a solicitation from a lawyer.

- A settlement will provide $1,046,000.00 ("the Fund") to pay claims to persons who applied for a job with Boyd Bros. and about whom a background check (consumer report) was obtained and/or relied upon or used.

- The settlement resolves a lawsuit about whether Boyd Bros. violated the Federal Fair Credit Reporting Act ("FCRA") in the manner in which it used the background checks (consumer reports) of persons who applied for jobs with Boyd Bros.; it avoids costs and risks to you from continuing the lawsuit; pays money to persons like you; and releases Boyd Bros. from liability.

- You may be entitled to a cash payment equal to a pro rata share of the Fund after payments are made for attorneys' fees, costs of the notice and administration of the settlement, and a class representative fee, if you applied for employment with Boyd Bros. from June 7, 2008, to November 20, 2013.

- Court-appointed lawyers for class members will ask the Court for an amount not to exceed thirty-percent (30%) of the Fund as fees and expenses for investigating the facts, litigating the case, and negotiating the settlement.

- Your legal rights are affected whether you act or do not act. Read this notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| SUBMIT THE CLAIM FORM | The only way to get a payment up to $240.00 if you applied for employment with Boyd Bros. from June 7, 2008, through November 20, 2013. |
| EXCLUDE YOURSELF | Get no payment. This is the only option that allows you to ever be part of any other lawsuit against Boyd Bros. about the legal claims in this case. |
| OBJECT | Write to the Court about why you do not like the settlement. |
| GO TO A HEARING | Ask to speak in Court about the fairness of the settlement. |
| DO NOTHING | Get no payment. Give up rights. |

The Court overseeing this case still has to decide whether to finally approve the settlement. Payments will be made only if the Court finally approves the settlement and the settlement becomes final. Please be patient.

QUESTIONS? CALL 1-888-759-4635 TOLL FREE, OR VISIT: www.boydbrosclassaction.com

BASIC INFORMATION ………………………………………..……… PAGE 3
    1. Why did I get this notice package?
    2. What is this lawsuit about?
    3. Why is this a class action?
    4. Why is there a settlement?

WHO IS IN THE SETTLEMENT……………………………………….. PAGE 4
    5. How do I know if I am part of the settlement?

THE SETTLEMENT BENEFITS—WHAT YOU GET……………………..……. PAGE 4
    6. What does the settlement provide?
    7. How much will my payment be?

HOW YOU GET A PAYMENT……………………………………………. PAGE 5
    8. How can I get a payment?
    9. When would I get my payment?
    10. What am I giving up to get a payment or stay in the Class?

EXCLUDING YOURSELF FROM THE SETTLEMENT…………………………. PAGE 6
    11. How do I get out of the settlement?
    12. If I do not exclude myself, can I sue Boyd Bros. for the same thing later?
    13. If I exclude myself, can I get money from this settlement?

THE LAWYERS REPRESENTING YOU…………………………………….. PAGE 6
    14. Do I have a lawyer in the case?
    15. How will the lawyers be paid?

OBJECTING TO THE SETTLEMENT……………..…………………………. PAGE 7
    16. How do I tell the Court that I do not like the settlement?
    17. What's the difference between objecting and excluding?

THE COURT'S FAIRNESS HEARING…………………………………..…… PAGE 7
    18. When and where will the Court decide whether to approve the settlement?
    19. Do I have to come to the hearing?
    20. May I speak at the hearing?

IF YOU DO NOTHING…………………………………………………. PAGE 8
    21. What happens if I do nothing at all?

GETTING MORE INFORMATION…………………………………………. PAGE 8
    22. Are there more details about the settlement?

QUESTIONS? CALL 1-888-759-4635 TOLL FREE, OR VISIT: www.boydbrosclassaction.com

# BASIC INFORMATION

### 1. Why did I get this notice package?

You have received this notice because the records of Boyd Bros. or HireRight Solutions, Inc. (fka "USIS" or "DAC") (hereafter "HireRight") show that you applied for a job at Boyd Bros. and that a background check or other consumer report was obtained about you sometime on or between June 7, 2008, and November 20, 2013. You may be a class member.

The Court sent you this notice because you have a right to know about a proposed settlement of a Class Action lawsuit, and about your options, before the Court decides whether to approve this Settlement. If the Court approves the Settlement and after objections and appeals are resolved, a settlement administrator will distribute the benefits the Settlement allows.

This package explains the lawsuit, the settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the case is the United States District Court for the Western District of Missouri, and the case is captioned *Benjamin Scott Avery, on behalf of himself and all others similarly situated v. Boyd Bros. Transportation, Inc.*, Case No. 4:13-CV-00579. Benjamin Avery is the plaintiff, and the company he sued, Boyd Bros., is the defendant.

### 2. What is this lawsuit about?

Plaintiff alleges that Boyd Bros. did not comply with the Fair Credit Reporting Act in the manner in which it obtained and/or relied upon or used the consumer reports of certain job applicants. If you are a Class Member, Boyd Bros. obtained and/or relied upon or used your consumer report from HireRight or another consumer reporting agency in connection with your application for employment with Boyd Bros. Boyd Bros. denies any wrongdoing or liability of any kind related to Plaintiff's claims.

### 3. Why is this a class action?

In a class action, one or more people called Class Representatives (in this case Benjamin Avery), sue on behalf of people who may have similar claims. Collectively, those with similar claims form a Class. One court resolves the issues for all Class Members except for those who exclude themselves from the Class. Plaintiff and Defendant have agreed to treat this case as a class action for purposes of this Settlement. U.S. District Judge Beth Phillips is in charge of this class action.

### 4. Why is there a Settlement?

The Court did not decide in favor of Plaintiff or Boyd Bros. The Plaintiff believed he could have won at trial. Boyd Bros. believes the Plaintiff would not have won anything at a trial. But there was no trial. Instead, both sides agreed to a settlement. That way, they avoid the risk and expense of continued litigation and trial, and the Class Members will receive compensation without the risk that their claims ultimately may be found to lack merit if this case were to proceed through litigation. The Plaintiff, Boyd Bros., and Class Counsel think the Settlement is in the best interest of all Class Members.

# WHO IS IN THE SETTLEMENT?

**To see if you will get money from this settlement, you first have to decide if you are a Class Member.**

### 5. How do I know if I am part of the Settlement?

You are a member of this Settlement Class and are affected by the settlement if you are a United States resident and applied for a truck driving position with Boyd Bros. on or after June 7, 2008, through November 20, 2013 ("Class Period") via facsimile, telephone, electronic mail, internet, or other non-in-person means and Boyd Bros. obtained your consumer report in connection with your application.

Specifically, for the purposes of settlement only, the Court has provisionally certified a Settlement Class as defined as follows:

> All natural persons residing in the United States who applied for employment with Boyd Bros. during the Class Period via facsimile, telephone, electronic mail, by regular mail, or other similar means and during the application process, and about whom Boyd Bros. procured a Consumer Report and/or relied upon or used a Consumer Report in connection with the Class Members' application for employment with Boyd Bros.

Excluded from the Class are all counsel in this case, any judge who has presided over either mediation or disposition of this case (and the members of his or her immediate family), any person who has already released Boyd Bros., and all Class Members who timely and validly opt to exclude themselves from the Settlement Class. The heirs, successors, or assigns of any of the foregoing are also excluded from the Settlement Class.

# THE SETTLEMENT BENEFITS—WHAT YOU GET

### 6. What does the Settlement provide?

If the Settlement is approved, each member of the Settlement Class will receive an equal share of the $1,046,000.00 Settlement Fund after distribution of attorneys' fees, costs of settlement administration, and incentive award for the Named Plaintiff, and subject to certain caps in the amount that any one Class Member may receive. Boyd Bros. presently estimates that the Class is comprised of approximately 17,500 Class Members. The most any Class Member will receive is $240.00.

### 7. How much will my payment be?

If you are a member of the Settlement Class and the Settlement is approved by the Court, you will be entitled to a cash payment equal to a pro rata share of the Settlement Fund after payments are made for attorneys' fees, costs of settlement administration, and incentive award for the Named Plaintiff, and subject to certain caps in the amount that any one Class Member may receive. The most any Class Member will receive is $240.00.

# HOW YOU GET A PAYMENT

## 8. How can I get a payment?

To qualify for payment, you must send in a claim form. A claim form is enclosed with this Notice. You may also submit a claim form online at www.boydbrosclassaction.com. Read the instructions carefully, fill out the form, sign it, and mail it postmarked no later than August 16, 2014.

## 9. When would I get my payment?

The Court will hold a hearing on September 5, 2014, to decide whether to approve the Settlement. Even after the Court approves the Settlement, there may be appeals. It is difficult to predict whether there will be appeals, and if there are appeals, whether they will be resolved and the timeframe for resolution. Resolving them can take time, perhaps more than a year. Everyone may keep abreast of the progress of the Settlement by visiting www.boydbrosclassaction.com. Please be patient.

## 10. What am I giving up to get a payment or stay in the Class?

Unless you exclude yourself, you are staying in the Class, and that means that you cannot sue, continue to sue, or be part of any other lawsuit against Boyd Bros. or its affiliates about the legal issues in this case. It also means that all of the Court's orders will apply to you and legally bind you. If the Court finally approves the Settlement, then you will also be bound by the Stipulation of Settlement (posted on the website www.boydbrosclassaction.com), which releases any and all claims, known or unknown, that you may have or claim to have against Boyd Bros. that relate to the use of consumer reports by Boyd Bros. for employment process.

**Release of Class Members' Claims.** If the Court finally approves the Settlement, except as to rights or claims created by the Settlement, Plaintiff and each Class Member who does not timely opt-out of the Settlement forever discharge and release Boyd Bros., as well as its predecessors, successors, affiliates, officers, shareholders, members, directors, employees, insurers, attorneys, agents and contractors, from any and all suits, claims, debts, liabilities, demands, obligations, guarantees, costs, expenses, attorneys' fees, damages or actions, in law or equity, of whatever kind of nature, direct or indirect, known or unknown, whether asserted in the Lawsuit or not, arising out of the facts and/or circumstances alleged in the Lawsuit between June 7, 2008, and November 20, 2013.

**Release of Class Members' Claims Governed By California Civil Code.** With respect to the releases set forth in the immediately preceding paragraph above (under the heading "Release Of Class Members' Claims"), Plaintiff and each Class Member who does not timely opt-out of the Settlement acknowledge and expressly waive any and all rights conferred by California Civil Code Section 1542, which states: A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR. With respect to the releases set forth in the immediately preceding paragraph above (under the heading "Release Of Class Members' Claims"), Plaintiff and each Class Member who does not timely opt-out of the Settlement also waive any and all rights conferred by any law of any state or territory of the United States, or principle of common law, that is similar, comparable or equivalent to California Civil Code Section 1542. Plaintiff and each Class Member who does not timely opt-out of the Settlement acknowledge that they may learn facts in addition to or different from facts known or believed to be known on the date of preliminary approval of

the Settlement. Nevertheless, Plaintiff and each Class Member who does not timely opt-out of the Settlement waive all claims relating to such unknown or different facts with respect to the releases set forth in the immediately preceding paragraph above (under the heading "Release Of Class Members' Claims").

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want a payment from this Settlement, but you want to keep the right to sue or continue to sue Boyd Bros on your own about the legal issues in this case, then you must take steps to exclude yourself from the Settlement Class. This is also sometimes referred to as opting out of the Settlement Class.

### 11. How do I get out of the Settlement?

To exclude yourself from the Settlement, you must send a letter by mail unequivocally stating that you want to be excluded from the Settlement Class in *Benjamin Scott Avery, on behalf of himself and all others similarly situated v. Boyd Bros. Transportation, Inc.,* Case No. 4:13-CV-00579 and to forego all rights and benefits of the Settlement. Be sure to include your name, address, telephone number, and your original signature. You must mail your exclusion request postmarked no later than July 17, 2014, to: Boyd Bros. Settlement, c/o Dahl Administration, P.O. Box 3614, Minneapolis, MN 55403-0614. **You are responsible for paying your own postage.**

If you ask to be excluded, you will not get any settlement payment, and you cannot object to the settlement. You will not be legally bound by anything that happens in this lawsuit. You may be able to sue (or continue to sue) Boyd Bros. in the future.

### 12. If I do not exclude myself, can I sue Boyd Bros. for the same thing later?

No. Unless you exclude yourself, you give up any right to sue Boyd Bros. for the claims that this Settlement resolves. If you have a pending lawsuit against Boyd Bros., speak to your lawyer in that case immediately. You must exclude yourself from this Class to continue your own lawsuit. Remember, the exclusion deadline is July 17, 2014.

### 13. If I exclude myself, can I get money from this Settlement?

No. But, you may sue, continue to sue, or be part of a different lawsuit against Boyd Bros.

## THE LAWYERS REPRESENTING YOU

### 14. Do I have a lawyer in this case?

The Court appointed Matthew A. Dooley and Anthony R. Pecora of O'Toole, McLaughlin, Dooley & Pecora Co., LPA to represent you and other Class Members. These lawyers are called Class Counsel. You will not be charged for their services. If you want to be represented by your own lawyer, you may hire one at your own expense.

QUESTIONS? CALL 1-888-759-4635 TOLL FREE, OR VISIT: www.boydbrosclassaction.com

### 15. How will the lawyers be paid?

Class Counsel will ask the Court to approve payment for attorneys' fees and expenses in an amount not to exceed 30% of the Settlement Fund. Class Counsel will also ask the Court to approve payment of $7,500.00 to Benjamin Avery for his services as Class Representative. The fees would pay Class Counsel for investigating the facts, litigating the case, and negotiating the settlement. The Court may award less than these amounts. Boyd Bros. has agreed not to oppose these fees and expenses.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the settlement or some part of it.

### 16. How do I tell the Court that I do not like the Settlement?

If you are a Class Member, you can object to the Settlement if you do not like some part of it. You can give reasons why you think the Court should not approve it and the Court will consider your views. To object, you must send a letter saying that you object to the Settlement in *Benjamin Scott Avery, on behalf of himself and all others similarly situated v. Boyd Bros. Transportation, Inc.*, Case No. 4:13-CV-00579. Be sure to include your name, address, telephone number, your signature, and the legal and factual reasons you object to the Settlement. Mail the objection to these three different places postmarked no later than August 6, 2014:

| COURT | CLASS COUNSEL | DEFENSE COUNSEL |
|---|---|---|
| United States District Court for the Western District of Missouri Charles Evans Whitaker Courthouse 400 East 9th Street Kansas City, Missouri 64106 | Matthew A. Dooley O'Toole, McLaughlin, Dooley & Pecora, Co., LPA 5455 Detroit Road Sheffield Village, Ohio 44054 | James C. Hetlage Lashly & Baer, P.C. 714 Locust Street St. Louis, Missouri 63101 |

### 17. What is the difference between objecting and excluding?

Objecting is simply telling the Court that you do not like something about the settlement. You can object only if you stay in the Class. Excluding yourself is telling the Court that you do not want to be part of the Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

## THE COURT'S FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the settlement. You may attend and you may ask to speak, but you do not have to.

### 18. When and where will the Court decide whether to approve the Settlement?

The Court will hold a Fairness Hearing at 2:00 p.m. on September 5, 2014, at the United States District Court for the Western District of Missouri, Charles Evans Whitaker Courthouse located at 400 East 9th Street, Kansas City, Missouri 64106. At this hearing the Court will consider whether the settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. The judge will listen to people who have asked to speak at the hearing. The Court may also decide how much Class Counsel

should receive in an attorneys' fee award and how much the Named Plaintiff should receive in an Incentive Award. After the hearing, the Court will decide whether to finally approve the Settlement. We do not know how long these decisions will take.

### 19. Do I have to come to the hearing?

No. Class Counsel will answer questions the judge may have. But, you are welcome to come at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary.

### 20. May I speak at the hearing?

You may ask the Court for permission to speak at the Final Approval Hearing. To do so, you must send a letter saying that it is your "Notice of Intention to Appear at the Final Approval Hearing in '*Benjamin Avery v. Boyd Bros. Transportation, Inc.*'." Be sure to include your name, address, telephone number, and your signature. Your Notice of Intention to Appear must be postmarked no later than August 6, 2014 and be sent to the Clerk of the Court, Class Counsel, and Defense Counsel, at the three addresses provided in Question 16 above. You cannot speak at the hearing if you excluded yourself from the Settlement Class. You also cannot speak at the hearing unless you have filed a timely and proper objection.

## IF YOU DO NOTHING

### 21. What happens if I do nothing at all?

If you do nothing, you'll get no money from this settlement. But, unless you exclude yourself, you will not be able to file a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Boyd Bros. about the legal issues in this case, ever again.

## GETTING MORE INFORMATION

### 22. Are there more details about the Settlement?

This notice summarizes the proposed Settlement. More details are in a Stipulation of Settlement. You can obtain a copy of the Stipulation of Settlement by writing to the Settlement Administrator at Boyd Bros. Settlement, c/o Dahl Administration, P.O. Box 3614, Minneapolis, MN 55403-0614 or by visiting www.boydbrosclassaction.com.

*Benjamin Scott Avery, on behalf of himself and all others similarly situated v. Boyd Bros. Transportation, Inc.,* Case No. 4:13-CV-00579 (W.D. Missouri)

**CLAIM FORM**

Boyd Bros. Settlement
c/o Dahl Administration
PO Box 3614
Minneapolis, MN 55403-0614

Your Unique Claim Number:

DAHLID

BARCODE
NAME1
ADDR1
ADDR2
CITY STATE ZIP

June 17, 2014

If the Court approves the settlement in the above-referenced lawsuit and enters a final judgment in this case that is not appealed, and you have properly and timely submitted this claim form, a check for your pro-rata share of the settlement proceeds, up to an amount of $240.00, will automatically be mailed to you **(The amount of money you receive will depend on how many people submit an eligible claim, but will not exceed $240.00.)**

YOU ARE ELIGIBLE TO SUBMIT THIS CLAIM FORM IF YOU ARE A MEMBER OF THE CLASS, AS PRELIMINARILY APPROVED BY THE COURT, WHO SUBMITTED AN EMPLOYMENT APPLICATION TO BOYD BROS. TRANSPORTATION, INC. AND ABOUT WHOM BOYD BROS. PROCURED A CONSUMER REPORT AND/OR RELIED UPON OR USED A CONSUMER REPORT IN CONNECTION WITH YOUR APPLICATION FOR EMPLOYMENT WITH BOYD BROS. BETWEEN JUNE 7, 2008, AND NOVEMBER 20, 2013, YOU RECEIVE THE COURT APPROVED CLASS NOTICE, AND YOU DO NOT OPT OUT OF THE SETTLEMENT.

You must fill out ALL OF THE INFORMATION required below or your claim form will be rejected!

**The deadline to submit this Claim Form is August 16, 2014.** If the Settlement Administrator does not receive your Claim Form by U.S. Mail or online on or before August 16, 2014, you will not be eligible to receive any payment for this claim.

Claims may be filed by deceased Class Members through representatives of their estates. If you are submitting a claim on behalf of a deceased Settlement Class Member, you must submit appropriate documentation with this claim form demonstrating that you are duly authorized to do so.

**QUESTIONS?** Call 1-888-759-4635, or visit www.boydbrosclassaction.com

**Section I: Your Claim**

I, the undersigned, hereby state and affirm that I reside in the United States and I submitted an application for employment to Boyd Bros. Transportation, Inc. between June 7, 2008, and November 20, 2013, via facsimile, telephone, electronic mail, or by regular mail.

Printed Name:_____  Date:_____

Signature:_____

**Section II: Your Personal Information (IF DIFFERENT THAN ABOVE)**

_____
First Name                                    MI              Last Name

Mailing Address:_____
_____

City: _____  State: _____  Zip Code: _____

Telephone Number (optional)  (___ ___ ___) ___ ___ ___ - ___ ___ ___ ___

Email Address (optional):
_____

QUESTIONS? Call 1-888-759-4635, or visit www.boydbrosclassaction.com