# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| **BENJAMIN SCOTT AVERY, on Behalf of Himself and All Others Similarly Situated,**<br><br>Plaintiff,<br>v.<br><br>**BOYD BROS. TRANSPORTATION, INC.**<br><br>Defendant. | CASE NO. 4:13-CV-00579<br><br>UNITED STATES DISTRICT JUDGE<br>BETH PHILLIPS |

## DECLARATION OF ANTHONY R. PECORA

I, Anthony R. Pecora, declare:

1. I am over the age of 18 and of sound mind, capable of executing this declaration, and have personal knowledge of the facts stated herein.

2. I am one of the lead attorneys in my firm that have been working on behalf of the Plaintiff in the above styled litigation. I am also a partner at O'Toole, McLaughlin Dooley & Pecora Co. LPA, a multiple attorney law firm with its principal office located at 5455 Detroit Road, Sheffield Village, Ohio 44054.

3. Since 1998, I have been and presently am a member in good standing of the Bar of the highest court of the State of Ohio, where I regularly practice law. I have also been admitted to practice before and am presently a member in good standing of the Bars of the following courts:

| Court: | Date Admitted: |
|---|---|
| United States District Court for the Northern District of Ohio | 2008 |
| United States District Court for the Southern District of Ohio | 2009 |
| United States District Court for the Western District of Tennessee | 2011 |

| United States District Court for the Western District of New York | 2012 |
| United States District Court for the District of Colorado | 2013 |
| United States District Court for the District of Wisconsin | 2013 |

I have been admitted *pro hac vice* in jurisdictions across the country including Kentucky, Tennessee, Missouri, Arizona, Oregon, California, Florida, Virginia, West Virginia, New Jersey, Georgia, North Carolina and Washington. I have never been denied admission *pro hac vice*.

    4.    Our firm has litigated and settled numerous class action cases, prosecuted under the Fair Credit Reporting Act, including: *White v. CRST, Inc*., Case No. 1:11-cv-2615 (N.D. Ohio); *Hall v. Vitran Express, Inc*., Case No. 1:09-cv-00800 (N.D. Ohio); *Ryals v. HireRight Solutions, Inc., et al,* Case No. 3:09-CV-625 (E.D. Va.); *Smith v. New England Motor Freight, Inc.,* Case No. 2:12-CV-03559 (D. N.J.); *Roe, et al. v. Intellicorp Records, Inc., et al.,* Case No. 1:12-CV-02288 (N.D. Ohio); *Bell, et al. v. US Xpress, Inc.,* Case No. 1:11-cv-00181 (E.D. Tenn.) (final approval pending); *Ellis, et al. v. Swift Transportation Co. of Arizona, LLC*, Case No. 3:13-CV-00473 (E.D. Va.) (final approval pending). We have additionally settled individual FCRA related cases, including *Smith v. Sterling*, Case No. 1:12-CV-0534 (N.D. Ohio); *Logsdon v. Sterling,* Case No. 1:13-CV-1123 (N.D. Ohio); *Johnson v. A-Check America, Inc.*, 2:12CV-09038 (C.D. Cal.); *Wick v. Swift*, 3:13-CV-415 (W.D. Wis.); and *Johnson v. HireRight Solutions, Inc.*, Case No. 1:13-CV-03589 (N.D. Ga.).

    5.    We are presently litigating as lead counsel or co-counsel in the following FCRA matters, *Bozso v. LexisNexis*, Case No. 5:13-CV-79 (W.D.N.C.); *Smith v. ResCare¸* Case No. 3:13-CV-5211 (S.D. W.Va.); *Corliss v. Providence*, Case No. 3-14-CV-00119 (D. Or.); *Avery v.*

2

*Werner,* Case No. 4:14-CV00330 (W.D. Mo.)*; Rosales v. First Advantage,* Case No. 3:14-CV-00221 (E.D. Va.)*; Cox v. ScreeningOne, Inc.,* Case No. 4:14-CV-00229 (N.D. Ohio); *Henderson, et al v. BackgroundChecks.com*, Case No. 3:13CV-00029 (E.D. Va.); *Cox v. Teletech Holdings, Inc.*, Case No. 1:14-CV00993 (N.D. Ohio); *Scott v. KKW Trucking*, Case No. 3:14-CV00494 (D. Or.); *Vinson v. Fleetcor*, Case No. 1:14-CV-01939 (N.D. Ga.); *Demmings v. Clean Harbor*, Case No. 2:14-CV-01017 (W.D. Wa.); *James, et al. v. Experian Information Solutions, Inc.*, Case No. 3:12-CV-00902 (E.D. Va.); *Poole v. CheckGo*, Case No. 1:14-CV-01582 (N.D. Ohio); *Harris v. Exel*, Case No. 2:14-CV-1231 (S.D. Ohio).

5. Counsel for this Firm has spent over 280 hours litigating this case for over a year, and incurred out-of-pocket expenses exceeding $5,154.71.

6. Class Counsel is seeking a fee award of $313,800, 30% of the total Settlement Funds. The percentage sought in this action is within the range of fee award percentages approved in other class settlement cases involving FCRA claims. In my opinion, the percentage sought is reasonable not only in light of the risks Class Counsel undertook in accepting this case given its contingent nature, but also because of the quality of the representation we provided to the class and the exceptional results achieved.

7. Furthermore, the reasonableness of the percentage requested is confirmed by a cross check under the lodestar method, as the following information regarding Class Counsel's hourly rates and time spent demonstrates.

8. A primary component of our firm's revenue is generated from contingency cases. Thus, we do not get paid unless we recover for our clients. It is also nearly always necessary for us to advance costs in these federal consumer cases, which can sometimes require risks of tens of thousands of dollars in addition to fees. If were unable to recover a contingency premium in our

cases, our law firm's ability to accept contingency cases would be severely limited. Moreover, our ability to represent consumers and those harmed by erroneous consumer reports would be drastically curtailed as many of our clients are without employment because of the very same FCRA violations litigated in the present action. But for our ability to represent Avery on a contingency basis, we would not have been able to prosecute their claims.

9. The unadjusted lodestar for Counsel in our firm is $90,133.25. The reasonableness of the hourly rate of Class Counsel, reasonableness of the time spent litigating the case, contingent nature of the fee award, the novelty and complexity of the issues in this case, and Class Counsel's skill displayed in presenting them, demonstrate that a multiplier is justified and the fees requested are reasonable.

| **Counsel** | **Hourly Rate** |
|---|---|
| Matthew A. Dooley, Partner | $350.00 |
| Anthony R. Pecora, Partner | $350.00 |
| Joseph J. Bott, Associate | $165.00 |
| Law Clerk/Paralegal | $125.00 |

10. Litigating a high stakes case against a well-funded corporate defendant represented by excellent law firms in an unsettled area of law is not appealing to most lawyers, particularly when the plaintiff's lawyer will have to finance the litigation. This case was taken on a contingency basis and was not a case undertaken lightly. The risk of advancing all potential costs in this type of litigation were considerable, especially in light of the fact that this firm is relatively small in comparison to law firms that routinely defend these types of proceedings.

11. Class Counsel accepted this case entirely on a contingency basis with no guarantee of payment. The case required over 280 hours of work and consumed much of the time and effort

4

of three of the four litigation attorneys employed at this firm, such that we turned away other potentially lucrative matters so that we could devote the necessary time to pursuing this action.

I declare under penalty of perjury of the laws of the United States that the foregoing is correct.

Dated this 29th day of August, 2014.

/s/ Anthony R. Pecora
Anthony R. Pecora
